## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ENTERED
09/18/2018

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KARIA Y WM HOUSTON, LTD. | § | CASE NO.  18-30521-H1-11 |
| | § | (Chapter 11) |
| DEBTOR. | § | |

### ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR
### OF ALL CLAIMS, LIENS AND ENCUMBRANCES, EXCLUDING
### ASSUMED LIABILITIES
### [Relates to Docket #78]

The Court having considered the Motion to Approve the Sale of Real Estate Free and Clear of All Liens, Claims and Encumbrances, Excluding Assumed Liabilities, to Irtanki Trading, LLC ("Sale Motion") filed by Debtor Karia Y WM Houston, Ltd. ("Debtor") seeking to sell the and further described in the Sale Motion, the evidence presented therein, and the argument of counsel and it appearing that the Court  has jurisdiction over the sale and that it is a core preceding, that the notice of the sale and hearing thereon was sufficient, and the Court finding good cause exists, that the sale is in the sound business judgment of the Debtor, and it further appearing that the relief sought by is in the best interest of the estate and its creditors, it is hereby

ORDERED that pursuant to Section 363(f) of the Bankruptcy Code, the sale of the real property (the "Property") is hereby approved pursuant to the terms of  Sale Agreement, a copy of which is attached hereto and as Exhibit "C" to the Sale Motion, to Irtanki Trading, LLC (and/or their assigns) (together, the "Buyer") for the consideration described in the Sale Motion of at least $6,400,000.00; it is further

ORDERED that, other than the Assumed Liabilities (as defined in the Motion) and including, but not limited to, the liens of American First National Bank; and those of Harris County related to 2018 ad valorem property taxes, plus penalties and interest, which are expressly retained against the Property, the Property is sold free and clear of all liens, claims, deeds of trust, charges and encumbrances; it is further

ORDERED that, pursuant to 11 U.S.C. §§ 105 (a) and 365, and subject to and conditioned upon the Closing of the Sale, the Debtor's assumption and assignment to Buyer, and Buyer's assumption on the terms set forth in the Sale Agreement of the executory contracts being assigned, including the modified lease with Bayou Social Club, is hereby approved, and the requirements of 11 U.S.C. §§ 365(b)(1) and 365(f)(2) with respect thereto are hereby deemed satisfied; it is further

ORDERED that Debtor is hereby authorized and directed in accordance with 11 U.S.C. §§ 105(a) and 365 to (a) assume and assign to Buyer, effective upon the Closing of the Sale, the modified lease with Bayou Social Club, free and clear of all Interests of any kind or nature whatsoever, and (b) execute and deliver to Buyer such documents or other instruments as may be necessary to assign and transfer the executory contracts being assigned pursuant to the Sale Agreement to Buyer; provided, however, that this paragraph shall not defeat any right which a party to an assigned executory contract may have against Debtor or Debtor's estate under section 365 of the Bankruptcy Code; it is further

ORDERED that the executory contracts being assigned to Buyer pursuant to the Sale Agreement, including the modified lease with Bayou Social Club, shall be transferred to, and remain in full force and effect for the benefit of Buyer in accordance with its terms, notwithstanding any provision in any such assigned contracts that prohibits, restricts, or

conditions such assignment or transfer and, pursuant to 11 U.S.C. § 365(k), the Debtor and its estate shall be relieved from any liability for any breach of any assigned contracts after such assignment to and assumption by Buyer on the Closing Date, first arising post-Closing; it is further

ORDERED that the liens, claims and encumbrances attach to the net sale proceeds in the same order of priority as exist under non-bankruptcy law; it is further

ORDERED that Property is being sold "as is" with all faults and no warranties (except to as title), and the Property is subject to all permitted exceptions as identified in the Sale Agreement; it is further

ORDERED Buyer is a good faith purchaser, as that term is used in Section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby. No party in interest has engaged in any conduct that would cause or permit the agreements or the transactions contemplated therein (including the sale of the Property) to be voided under Section 363(n) of the Bankruptcy Code; it is further

ORDERED that the provisions of this Order are non-severable and mutually dependent; it is further

ORDERED that this Order shall be binding upon, and shall inure to the benefit of, all creditors, equity interest holders, and parties in interest, the Parties and their respective successors and assigns; it is further

ORDERED that this Court retains jurisdiction to enforce the terms of this Order; it is further ORDERED that the provisions of Fed. R. Bankr. Pro 6004(h) is hereby waived and this Order shall be effective and enforceable immediately upon entry.

SIGNED this ____18____ day of September, 2018.


MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE